UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

RASHAD HASAN,                                          Case No. 18-CV-0486 (JRT/SER)

         Plaintiff,

v.                                                     REPORT AND RECOMMENDATION

VERLINA GRIFFIN; KEVIN T. DOBIE;
THOMAS CIALINO; CRAIG M. BARBEE,

         Defendants.

---

Plaintiff Rashad Hasan filed a petition to perpetuate testimony under Fed. R. Civ. P. 27. *See* ECF No. 1. Because Hasan has not established that the underlying action is cognizable and has not adequately justified his invocation of Rule 27, it is recommended that the petition be denied.

Under Rule 27(a),

> [a] person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:
>
> > (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
> >
> > (B) the subject matter of the expected action and the petitioner's interest;
> >
> > (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

>> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>
>> (E) the name, address, and expected substance of the testimony of each deponent.

"Rule 27 is not a substitute for broad discovery, nor is it designed as a means of ascertaining facts for drafting a complaint." *Application of Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473, 485 (4th Cir. 1999).

One requirement of Rule 27 is that the underlying dispute must be "cognizable in a United States court." Fed. R. Civ. P. 27(a). The facts of the underlying dispute are not well fleshed out in Hasan's petition to perpetuate testimony. That said, according to the petition, "[t]he subject matter of the expected action includes statements the defendant has made in facilitating the foreclosure of plaintiff's home," Petition at 1 [ECF No. 1], suggesting that Hasan intends to bring claims of fraud (or similar causes of action) in a forthcoming lawsuit. Each of those claims would arise under state law, and thus 28 U.S.C. § 1331 could not provide a basis for subject-matter jurisdiction over the intended action. Although Hasan does not allege the citizenship of the parties, both he and defendant Kevin T. Dobie are residents, and therefore likely citizens, of Minnesota, making subject-matter jurisdiction under 28 U.S.C. § 1332 doubtful as well. No other basis for federal jurisdiction is apparent from the petition. Hasan has not established that the underlying lawsuit will be cognizable in federal court.

Another requirement of Rule 27 is that the petitioner must show "the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it." Fed. R. Civ. P. 27(a)(1)(C). It is not enough that a petitioner merely wants to uncover information in anticipation of suit. *See In re Ford*, 170 F.R.D. 504, 508 (M.D. Ala. 1997) ("[T]he language in Rule 27 is clear that the rule authorizes the perpetuation of evidence, not the discovery or

uncovering of it."). Hasan offers up no explanation for the need for depositions other than that the information might be useful in formulating his complaint - this is not enough. Hasan must instead show reasons *other* than the need to discover information for seeking perpetuation of testimony. Because he has not done so, Hasan's petition is insufficient.

Accordingly, it is recommended that Hasan's petition be denied.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The petition to perpetuate testimony of plaintiff Rashad Hasan [ECF No. 1] be DENIED.

2. Hasan's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

Dated: March 15, 2018                                s/ *Steven E. Rau*
                                                     Steven E. Rau
                                                     U.S. Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).